IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:97cr36-RH/CAS

OSVALDO FRANCISCO GONZALEZ,

    Defendant.

_____/

### ORDER DENYING THE § 2255 MOTION

    An indictment in Case No. 4:96cr56 charged the defendant Osvaldo Francisco Gonzalez and 14 others with conspiring to distribute cocaine. A later indictment in this Case No. 4:97cr36 charged 12 additional defendants with participating in the same conspiracy. The first trial in Case No. 4:96cr56 took place before Mr. Gonzalez was arrested. He was tried in a consolidated trial with some of the defendants in Case No. 4:97cr36. But Mr. Gonzalez was a defendant only in Case No. 4:96cr56. He was sentenced, and a judgment was entered, only in Case No. 4:96cr56.

    On April 2, 2014, Mr. Gonzalez filed identical motions in Cases No. 4:96cr56 and this Case No. 4:97cr36 seeking relief under 28 U.S.C. § 2255. An

order was entered in Case No. 4:96cr56 on April 10, 2014, denying the motion in that case as unfounded both procedurally and on the merits. The motion in this Case No. 4:97cr36 is unfounded because Mr. Gonzalez was not convicted or sentenced in this case; there is no judgment in this case from which relief could be given. And if that were not so, Mr. Gonzalez still would not be entitled to relief, for the reasons set out in the April 10 order in Case No. 4:96cr56.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural

grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Mr. Gonzalez has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

Mr. Gonzalez's § 2255 motion, ECF No. 815, is DENIED.

SO ORDERED on July 3, 2014.

> s/Robert L. Hinkle
> United States District Judge